[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 97-1975

FRANK DRAUS, JR.,

Plaintiff, Appellant,

v.

TOWN OF HOULTON, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Eugene W. Beaulieu, U.S. Magistrate Judge]

Before

Torruella, Chief Judge,
Selya and Stahl, Circuit Judges.

Frank Draus, Jr. on brief pro se.
Michael E. Saucier and Thompson & Bowie on brief for appellees.

March 31, 1998

Per Curiam. The judgment is affirmed substantially for the reasons recited by the magistrate judge in his decision dated May 22, 1997. The rationale there provided, although confined to issues of qualified immunity, suffices to reject any claims for declaratory and injunctive relief as well. Nor is that rationale undermined by the decision in 44 Liquormart, Inc. v. Rhode Island, 116 S. Ct. 1495 (1996). We add only the following comments.
Contrary to plaintiff's contention on appeal, the town council, prior to enacting the ordinance, adequately considered the undesirable secondary effects commonly associated with businesses featuring adult entertainment. Direct reference was made to such concerns during the December 26, 1995 hearing, seeMinutes at 6, and specific mention was made of complaints regarding plaintiff's establishment, see id. at 5, 7. In any event, "legislation seeking to combat the secondary effects of adult entertainment need not await localized proof of those effects." Barnes v. Glen Theatre, Inc., 504 U.S. 560, 584 (1991) (Souter, J. concurring) (citing Renton v. Playtime Theatres, Inc., 475 U.S. 41, 51-52 (1986)); accord, e.g., National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 742 n.9 (1st Cir. 1995).
Equally unavailing is plaintiff's argument that, as a matter of procedural due process, the ordinance needed to contain an explicit provision for judicial review. That a state court appeal was available pursuant to Me. R. Civ. P. 80B satisfied all such concerns. See, e.g., Licari v. Ferruzzi, 22 F.3d 344, 347-49 (1st Cir. 1994) (discussing due process safeguards attending license-revocation hearings).
We emphasize that plaintiff's various submissions, even when construed broadly, advance no facial First Amendment claim that the licensing scheme constitutes an impermissible prior restraint. See, e.g., FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 223-30 (1990) (plurality opinion); 11126 Baltimore Boulev., Inc. v. Prince George's County, 58 F.3d 988, 993-1002 (4th Cir. 1995) (en banc); Jews for Jesus, Inc. v. MBTA, 984 F.2d 1319, 1326-28 (1st Cir. 1993); Fantasy Book Shop, Inc. v. City of Boston, 652 F.2d 1115, 1120-25 (1st Cir. 1981). We therefore express no views in that regard. 
Affirmed.